IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES CURTIS SPEARS, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:11CV97 |
| v. ) | 1:07CR372-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner James Curtis Spears, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:07CR372-1, Doc. #38]. On January 8, 2008, Petitioner was convicted on one count of distribution of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A). He was then sentenced to 240 months imprisonment. The 240-month sentence constituted a downward variance from the 262 to 327-month sentencing range otherwise applicable under the United States Sentencing Guidelines, and represented the statutory mandatory minimum sentence that was applicable based on an Information of Prior Conviction filed by the Government under 21 U.S.C. § 851. Following an unsuccessful appeal, Petitioner filed the present Motion [Doc. #38].

Petitioner initially raised two claims for relief in his Motion. First, Petitioner alleged that he received ineffective assistance of counsel because his attorney did not object to the Information of Prior Conviction. Second, Petitioner argued that he should be "retroactively resentenced" pursuant to the Fair Sentencing Act of 2010. After the Motion was briefed and

referred for a decision, Petitioner sought to have the matter stayed pending *en banc* consideration of the decision in United States v. Simmons, 635 F.3d 140 (4th Cir. 2011). Following the issuance of the *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Petitioner supplemented his Motion to add a claim based on Simmons, arguing that the Information of Prior Conviction filed in this case pursuant to 21 U.S.C. § 851 was based on a state conviction that was not punishable by more than one year of imprisonment and that he no longer qualified as a career offender. He also alleged that he received ineffective assistance of counsel because his attorney did not anticipate the ruling in Simmons and preserve the issue.

After initially opposing Petitioner's supplemented Motion, the Government has now filed a Supplemental Response, conceding, based on Simmons, that the prior North Carolina conviction alleged in the Information of Prior Conviction would not qualify as a predicate felony conviction in light of Simmons. In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction.

In addition, the Government has further affirmatively waived any procedural defense that might otherwise apply to that claim.[1] The Government thus agrees that pursuant to the

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

supplemented § 2255 Motion, Petitioner should be resentenced without the § 851 enhancement.[2]

The Court has reviewed the state court judgment reflecting Petitioner's prior conviction that was set out in the Information, and the Court notes that Petitioner's prior conviction was a Class I felony with a prior record level of II. The maximum sentence he faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009).

---

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. The Government's position would include claims by defendants such as Petitioner who received a sentence enhancement based on an Information of Prior Conviction filed pursuant to 21 U.S.C. § 851, if that enhancement is no longer supported by a predicate felony in light of Simmons and the enhancement resulted in an increase in the applicable statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), based on an enhanced range of 20 years to life, rather than the otherwise-applicable range of 10 years to life, and if the enhanced mandatory minimum was the basis for the sentence imposed. The Court further notes that the Government has agreed that relief should be granted in this case, even though Petitioner's sentence of 240 months was below the otherwise-applicable statutory maximum of life that would apply even without the enhancement. Cf. Alleyne v. United States, 2013 WL 2922116 (June 17, 2013).

In addition, in taking these positions, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to defendants in those categories. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes"). This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). The Government has nevertheless taken the position that the decision in Simmons, unlike Carachuri, announced a new substantive rule of criminal law. Id.; see also United States v. Miller, Case No. 13-6254 (4th Cir.), Appellee's Brief filed March 29, 2013. However, in several recent unpublished decisions, the Court of Appeals for the Fourth Circuit has indicated that pursuant to Powell, Simmons is not retroactively applicable on collateral review. See, e.g., United States v. Peters, 2013 WL 1943801 (4th Cir. May 13, 2013). To the extent that the Fourth Circuit construes Simmons as a procedural rule not retroactively applicable on collateral review under Teague v. Lane, the Court notes that the Teague rule is not jurisdictional and may be waived if not raised. See, e.g., Collins v. Youngblood, 497 U.S. 37, 41 (1990) ("Although the Teague rule is grounded in important considerations of federal-state relations, we think it is not 'jurisdictional' in the sense that this Court, despite a limited grant of certiorari, must raise and decide the issue *sua sponte*."); Godinez v. Moran, 509 U.S. 389, 397 n.8 (1993); Schiro v. Farley, 510 U.S. 222, 229 (1994); Caspari v. Bohlen, 510 U.S. 383, 389 (1994) ("[A] federal court may, but need not, decline to apply Teague if the State does not argue it."); Frazer v. South Carolina, 430 F.3d 696, 704 n.3 (4th Cir. 2005). The Government has waived all such procedural bars in this case, which the Court construes as a waiver of any Teague bar that might apply if Simmons is construed as a procedural, rather than substantive, rule. Therefore, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

3

Therefore, having reached this conclusion and in light of the agreement of the Government, this Court will recommend that Petitioner's Motion be granted as to his claim that <u>Simmons</u> invalidated the Information of Prior Conviction, and the Court will therefore recommend that his sentence be vacated and that he be resentenced.

With respect to any remaining issues in this case, the Court notes that Petitioner also contends that he should be retroactively resentenced under the Fair Sentencing Act and that his Sentencing Guideline range should be recalculated because he can no longer be classified as a career offender following <u>Simmons</u>. The Government opposes these claims to the extent that Petitioner attempts to assert them as a separate basis for § 2255 relief. However, if this Recommendation is adopted, § 2255 relief will be granted and Petitioner will be resentenced pursuant to the Government's concession on the § 851 issue. The parties can address any Fair Sentencing Act and Sentencing Guideline issues at resentencing.

The Court also notes that well prior to filing his § 2255 Motion, Petitioner filed a "Motion to Modify Imposed Term of Imprisonment as per [HR 3245]" [Doc. #35], in which he asked to have his sentence adjusted based on a change in the "sentencing ratio" for cocaine base to cocaine powder. That Motion appears to have been based on an early version of the Fair Sentencing Act pending at the time the Motion was filed. However, as noted above, any claims related to the calculation of Petitioner's sentence in this case can be considered at the resentencing hearing, which means that the Motion to Modify should be denied without prejudice.

Finally, Petitioner's prior Motion to Stay these proceedings pending the *en banc* decision in Simmons is now moot.[3]

IT IS THEREFORE ORDERED that Petitioner's Motion to Stay [Doc. #45] is DENIED for being moot.

IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #38] be GRANTED as to Petitioner's claim that the Information of Prior Conviction is invalid in light of Simmons, and as such, that the Judgment [Doc. #23] be VACATED, that this matter be set for resentencing, and that Petitioner's "Motion to Modify Imposed Term of Imprisonment as per [HR 3245]" [Doc. #35] be DENIED without prejudice to Petitioner raising any sentencing-related arguments at his resentencing.

This, the 26th day of June, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[3] The Court also notes that Petitioner initially raised claims of ineffective assistance of counsel related to his original sentencing, but those issues are moot in light of the Court's Recommendation that relief be granted on the Simmons claim and that this matter be set for resentencing. Petitioner also raised additional contentions in a subsequent brief [Doc. #44], claiming that he is entitled to relief on his sentence because the prosecutor in his case was not properly licensed, and claiming that pursuant to the Double Jeopardy clause, he could not be subject to enhancement both under § 851 and as a "career offender." The Court notes that similar contentions have been repeatedly rejected in other cases in this Court, and in any event these contentions would be moot in this case given the Recommendation that this matter be set for resentencing.